J-A10045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL KUIPERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ANGELA Y. KUIPERS | : | |
| | : | |
| Appellee | : | No. 1024 MDA 2021 |

Appeal from the Decree Entered July 2, 2021
In the Court of Common Pleas of Columbia County
Civil Division at No(s):  2018-CV-0000700-DU

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED: AUGUST 23, 2022**

Appellant, Paul Kuipers ("Husband") appeals from the divorce decree entered in the Columbia County Court of Common Pleas, which ordered Husband to pay alimony and counsel fees to Appellee, Angela Y. Kuipers ("Wife").  We affirm.

The relevant facts and procedural history of this appeal are as follows. Husband was born on December 14, 1983, and he possesses an engineering degree.  Wife was born on July 18, 1970, and she earned her high school diploma.  The parties married on November 26, 2005, and they are the parents of two sons.[1]  During the marriage, Husband worked as a service engineer earning $150,000.00 in 2018.  COVID-19 temporarily decreased

_____

[1] At the time of the master's hearing, one son was thirteen (13) years old, and one son was twenty (20) years old.

Husband's income; however, his income level rebounded in the second half of 2020. Wife did not work outside of the home during the marriage and served as the children's primary caretaker. Wife owned her own home prior to the marriage, but the parties sold the house and invested the proceeds into a new marital residence.

The parties separated on May 10, 2018. On June 13, 2018, Husband filed a divorce complaint. Wife filed an answer and counterclaim on August 10, 2018. In her counterclaim, Wife petitioned the court for alimony, alimony *pendente lite*, and counsel fees. On October 18, 2018, the court referred Wife's claim for alimony *pendente lite* to the Domestic Relations Office. On December 18, 2018, Wife obtained alimony *pendente lite* and child support.

On May 31, 2019, the court appointed a special master to oversee equitable distribution. The master conducted a hearing on December 3, 2020. On March 31, 2021, the master submitted a report recommending that Husband pay Wife's counsel fees and $1,500.00/month in alimony for seventy-two (72) months following the entry of the final divorce decree. Husband filed exceptions to the master's report on April 19, 2021.

On July 2, 2021, the court entered the divorce decree. The decree also granted Husband's exceptions in part. Specifically, the court ordered Husband to pay Wife's counsel fees and $1,500.00/month in alimony for sixty (60) months following entry of the final divorce decree.

Husband timely filed a notice of appeal on July 28, 2021. On August 4,

2021, the court ordered Husband to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Husband timely filed his Rule 1925(b) statement on August 16, 2021.

Husband raises the following issues for our review:

> Did the trial court abuse its discretion and commit an error of law when it awarded alimony to [Wife] at an amount higher than that which had been previously calculated by Domestic Relations?

> Did the trial court abuse its discretion and commit an error of law when the court awarded alimony for a duration of five (5) years following [Wife] receiving nearly three (3) years of alimony *pendente lite*?

> Did the trial court abuse its discretion and commit an error of law when it required [Husband] to pay [Wife's] attorney fees?

(Husband's Brief at 7).

Husband's issues are related, and we address them together. Husband argues that proper consideration of the statutory alimony factors dictates that the instant award be reduced. Husband contends that Wife is physically capable of earning income, and Wife receives child support payments. Husband asserts that the combination of alimony and child support payments exceeds Wife's monthly expenses. Moreover, Husband insists that Wife could use her pre-marital experience as a respiratory therapy aid to increase her income without attending college.

Husband emphasizes that he paid alimony *pendente lite* to Wife during the divorce proceedings, and the current alimony payments should not exceed

the alimony *pendente lite* payments. Further, Husband avers that he should not be required to pay Wife's counsel fees because he paid alimony *pendente lite* and did not purposefully prolong the litigation. Husband concludes the court abused its discretion by awarding counsel fees and the specific amount of alimony at issue. We disagree.

Our standard of review for challenges to alimony awards is whether the trial court abused its discretion. *See Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa.Super. 2004). When examining whether an abuse of discretion has occurred, we examine

> not whether the trial court has merely committed an error of judgment, but rather whether the trial court has overridden or misapplied the law, or has exercised judgment which is manifestly unreasonable, or the product of partiality, prejudice, bias or ill-will as demonstrated by the evidence of record.

*Lawson v. Lawson*, 940 A.2d 444, 447 (Pa.Super. 2007), *appeal denied*, 597 Pa. 718, 951 A.2d 1165 (2008) (internal brackets omitted).

"To determine whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by statute." *Id.* (emphasis in original). The statutory factors include:

> (1)  The relative earnings and earning capacities of the parties.

> (2)  The ages and the physical, mental and emotional conditions of the parties.

(3)     The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4)     The expectancies and inheritances of the parties.

(5)     The duration of the marriage.

(6)     The contribution by one party to the education, training or increased earning power of the other party.

(7)     The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8)     The standard of living of the parties established during the marriage.

(9)     The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10)    The relative assets and liabilities of the parties.

(11)    The property brought to the marriage by either party.

(12)    The contribution of a spouse as homemaker.

(13)    The relative needs of the parties.

(14)    The marital misconduct of either of the parties during the marriage.  The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party.  As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15)    The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b).

> "[T]he purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.

*Conner v. Conner*, 217 A.3d 301, 315-16 (Pa.Super. 2019).

When reviewing a challenge to the award of counsel fees, we also examine whether the court abused its discretion. *See Gates v. Gates*, 933 A.2d 102, 109 (Pa.Super. 2007).

> The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be "on par" with one another.
>
> Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution.

*Id.* (quoting *Busse v. Busse*, 921 A.2d 1248, 1258 (Pa.Super. 2007)).

"Counsel fees are only to be awarded upon a showing of need." ***See id.***
Additionally, a "dependent spouse may be entitled to alimony *pendente lite*
and counsel fees because both are necessary to maintain the divorce
proceeding and a certain standard of living." ***DeMasi v. DeMasi***, 530 A.2d
871, 880 (Pa.Super. 1987), *appeal denied*, 517 Pa. 631, 539 A.2d 811 (1988).

Instantly, the record reflects that Wife does not have many significant
personal assets. Wife sold the home that she owned prior to the marriage
and invested the proceeds into the marital residence. Although the trial court
awarded sixty-five percent (65%) of the marital estate to Wife, the total
marital property was worth $13,321.99. (***See*** Trial Court Opinion, filed
11/15/21, at 2). Further, the record confirms that Wife earns $11.85/hour
working forty (40) hours each week as a customer service clerk at Home
Depot. (***See*** N.T. Hearing, 12/3/20, at 107).

While Husband insists that Wife's earning capacity is that of a registered
nurse, Wife has not applied to nursing programs or completed the courses
necessary for admission. (***Id.*** at 141-42). Moreover, Wife is thirteen (13)
years older than Husband. (***Id.*** at 104). Thus, the record supports the court's
conclusions that Wife has a limited ability to acquire assets, a lower earning
potential, and a shorter "work-life expectancy" than Husband. (***See*** Trial
Court Opinion at 3).

Additionally, at the time of the hearing, Wife's reasonable needs
summary revealed total expenses of $2,985.00/month. (***See*** Wife's

Supplemental Pretrial Statement at D-16). Wife testified that her expenses would increase after the divorce, because she would have to buy her own health insurance. (**See** N.T. Hearing at 125). Wife estimated that it would cost $175.00/month to buy health insurance from her employer. (**Id.**)

In comparison, the court found that Husband's earning potential is higher, as he possesses an engineering degree and is currently employed in the field. Even with the fluctuation in Husband's income due to the COVID-19 pandemic, his earnings far exceed Wife's earnings. (**See** Husband's Pre-Hearing Statement, filed 3/31/21, at P2). Husband also possesses a retirement account and receives healthcare benefits through his employer. (**See** N.T. Hearing at 21, 31). Thus, the record supports the court's conclusion that "Husband's economic future is far brighter." (**See** Trial Court Opinion at 3).

Based upon our review of the record, we cannot say that the court abused its discretion in its consideration of the alimony factors set forth in Section 3701(b). **See Lawson, supra**. Given the modest size of the marital estate, Wife's limited earning potential, and Wife's relative needs, the amount and duration of alimony are proper. **See Conner, supra**; **Teodorski, supra**.

Regarding the award of counsel fees, Husband's payment of alimony *pendente lite* during the divorce proceedings does not preclude Wife from receiving counsel fees. **See DeMasi, supra**. Here, the record reflects that the parties are not financially "on par" with one another, and Husband's

financial resources exceed those of Wife.  **_See Gates, supra_**.  Considering Wife's limited assets and earning potential, we conclude that the court did not abuse its discretion in awarding counsel fees.  Accordingly, we affirm the divorce decree.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022